# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER KING, | § | |
| | § | No. 288, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1408020918 (K) & |
| STATE OF DELAWARE, | § | 1408022997 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 9, 2020
Decided:    October 22, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the opening brief and motion to affirm, it appears to the Court that:

(1)     The defendant below-appellant, Christopher King, filed this appeal from a Superior Court order denying his motions for correction of illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of King's opening brief that his appeal is without merit. We agree and affirm.

(2)     On March 16, 2015, King pleaded guilty to second-degree burglary in Criminal ID No. 1408020918 and second-degree rape in Criminal ID No. 1408022997 in exchange for the dismissal of other charges.  The Superior Court

immediately sentenced King as follows: (i) for second-degree rape, effective August 22, 2014, twenty-five years of Level V incarceration, suspended after seventeen years for decreasing levels of supervision; and (ii) for second-degree burglary, seven years of Level V incarceration. King did not appeal his convictions or sentence.

(3) On July 6, 2020 and July 13, 2020, King filed motions for correction of illegal sentence. He argued that the second-degree rape count in the indictment was defective and that the second-degree rape sentence was illegal. On July 21, 2020, the Superior Court denied the motions, holding that the sentence was imposed in accordance with the plea agreement and King's arguments were without merit. This appeal followed.

(4) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1] The Superior Court did not err in denying King's motions for correction of illegal sentence. King's challenges to his indictment are outside the limited scope of Superior Court Criminal Rule 35(a).[2] As to King's sentence for second-degree rape, that sentence is not illegal. At the time of the crime in 2014, second-degree rape was a Class B felony with a minimum sentence of ten years at Level V.[3] The maximum

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998 (holding that the narrow purpose of Rule 35(a) is correcting an illegal sentence, not re-examining errors in pre-sentence proceedings). In any event, the indictment pleaded the elements of second-degree rape under 11 *Del. C.* § 772.
[3] 11 *Del. C.* § 772.

sentence for a Class B felony was twenty-five years at Level V.[4] King's second-degree rape sentence—twenty-five years of Level V imprisonment, suspended after seventeen years—does not exceed the maximum sentence for a Class B felony and is not illegal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] 11 *Del. C.* § 4205(b)(2).